ANTHONY J. ARMORE, PROSECUTOR-APPELLANT, v. THE TOWN OF WEST NEW YORK, IN THE COUNTY OF HUDSON; JOSEPH STILE, ANDREW BEST, HARRY J. HEINZ, LEO E. HONORE, MICHAEL N. TAGLIARENI, BOARD OF COMMISSIONERS OF SAID TOWN, AND JOHN ROONEY, CHIEF OF POLICE OF SAID TOWN, IT AND THEIR SUBORDINATES AND AGENTS, DEFENDANTS-RESPONDENTS.

Argued October 22, 1937—Decided January 26, 1938.

For the prosecutor-appellant, *Nicholas S. Schloeder.*

For the defendants-respondents, *Irwin Rubenstein* (*Leo Blumberg,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. On July 24th, 1937, the Supreme Court dismissed a writ of *certiorari* obtained by Anthony J. Armore, the prosecutor herein, bringing up for review a resolution of the board of commissioners of the town of West New York, adopted June 29th, 1937, rescinding a resolution adopted January 14th, 1936, and the prosecutor appeals.

The resolution of June 29th, 1937, reads as follows:

"Whereas, by resolution dated the 14th day of January,

1936, Anthony J. Armore, was appointed Recorder of the Town of West New York; Be it resolved, that said resolution is hereby rescinded and that for the purposes of economy he is hereby discharged and relieved of his duties. This resolution to take effect immediately."

The respondents contended below, and contend here, that the prosecutor's term of office had expired May 21st, 1937, and we think rightly.

It appeared that the town of West New York is governed by a board of commissioners, pursuant to the terms of the Commission Government act, known as the "Walsh act." Furthermore, the town of West New York is a town in the State of New Jersey, and as such has applicable to it "An act for the formation, establishment and government of towns" (*Pamph. L.* 1895, *p.* 218; *Comp. Stat.* 1910, *p.* 5518), and the supplements thereto and the amendments thereof. It is clear from a reading of that act, particularly sections 325, 327 and 351, that the office of recorder was provided for in towns incorporated under the act, and that the term of the recorder, as stated in section 351 (*Comp. Stat., p.* 5526), is two years. The wording of the statute is as follows: "That the recorder shall hold office for two years."

It is therefore clear under that statute, without more, appointments of recorders by any town pursuant to the Town act, are necessarily for a term of two years. *Winne* v. *Casale,* 99 *N. J. L.* 345; *affirmed,* 100 *Id.* 291. See, also, *Cafiero* v. *Peterson,* 103 *Id.* 220; *Salter* v. *Burk,* 83 *Id.* 152.

But our attention is directed to the first paragraphs of chapter 187 of the laws of 1921, page 503, and chapter 260 of the laws of 1927, page 480. The first sections of these acts are as follows:

"1. It shall be lawful for the governing body of any town in this state by resolution to appoint a recorder who shall hold office for a term of five years from the first day of January of the year of his appointment and who shall receive such compensation as said governing body shall by law fix." *Pamph. L.* 1921, *p.* 503.

"1. It shall be lawful for the governing body of any town,

and the governing body of any borough of this state, by resolution to appoint a recorder in any such town or borough, which said recorder in any such town or borough shall hold office for a term of five years from the first day of January of the year of his appointment, and thereafter until a successor shall be appointed and qualify. A recorder appointed in such town and borough shall receive such compensation as the governing body shall by law fix." Chapter 260, *Pamph. L.* 1927, *p.* 480.

Now it is obvious from reading the two sections that they are substantially similar. The only difference is that the later statute applies to boroughs as well as towns, and that in the later statute the term is extended "until a successor shall be appointed and qualify." That being so any construction of the pertinent provisions of the law of 1921 by the court of last resort is an applicable precedent for the construction of the pertinent provisions of the law of 1927.

Now in the case of *Winne* v. *Cassale, supra,* the town of Kearny had appointed a recorder on January 1st, 1922, no mention being made of the term of the appointment, other than that it was "for the full legal term." The appointed recorder died in May, 1923, and his successor was appointed for the "unexpired term." In *certiorari* proceedings, this successor contended that his term of office was a full five-year term, from January 1st, 1922, and not a two-year term as contended by the municipal authorities. The argument of the prosecutor in that case was necessarily to the effect that since the passage of the law of 1921—and without further action on the part of the municipal authorities, appointments to the office of recorder were for a term of five years. But it was there held that the act of 1921 was permissive only and does not operate *per se* to repeal the provisions of the Town act, relating to recorders, and that in the absence of any resolution of the municipality taking advantage of the provisions of the law of 1921, any recorder appointed under the Town act was conclusively a recorder for a two-year term. That case was affirmed in an opinion along the same lines by Chief Justice Gummere.

As we have seen, that decision applies to the law of 1927 upon which this prosecutor in part relies.

Now it is clear that no enabling resolution was ever passed by the municipal authorities of West New York taking advantage of either the provisions of chapter 187 of the laws of 1921 or chapter 260 of the laws of 1927.

The fact is that on May 21st, 1935, the prosecutor was appointed recorder by resolution reading: "Resolved, that Anthony J. Armore, be and he hereby is appointed recorder of the Town of West New York at the annual salary of Fifteen Hundred ($1,500.00) Dollars payable semi-monthly." In view of what we have said hereinabove, it is plain that such appointment of the prosecutor was for a two-year term. This two-year term expired May 21st, 1937.

After the prosecutor had been in office for a period of less than eight months, to wit: on January 14th, 1936, a resolution was adopted by the town reading: "Whereas, it is the desire of the Board of Commissioners to fix the term of office of the recorder, who has been in office under a resolution passed May 21st, 1935, to comply with the statutes in such cases made and provided; Therefore, be it resolved, by the Board of Commissioners of the Town of West New York, that Anthony J. Armore, is hereby appointed recorder of the said Town of West New York, County of Hudson, State of New Jersey, for a period of five (5) years from the 1st day of January, 1936, at an annual salary of Two Thousand ($2,000.00) Dollars to be paid in semi-monthly installments."

This resolution (of January 14th, 1936), was without any efficiency whatsoever and could not legally terminate the prosecutor's original appointment for a two-year term.

The precise question has been passed upon in the case of *Duff* v. *Walter*, 123 *Atl. Rep.* 704 (not officialy reported). In that case a recorder of the Town of West Hoboken was appointed recorder for a two-year term, on January 1st, 1921. On January 2d, 1922, he resigned. Immediately thereafter he was, by resolution, reappointed "for a term of five years" pursuant, so the resolution said, to the law of 1921. The court held that the resolution of January 2d, 1922, had no

effect whatsoever upon the previous term of two years; that the law of 1921 did not expressly or impliedly repeal any of the provisions to be found in the Town act; that the creation of a five-year term must be directed to a date immediately following the expiration of a two-year term; that the town could not create a five-year term by arbitrarily "cutting into," so to speak, a two-year term; that the provisions of the law of 1921 were consistent with the provisions of the Town act, requiring that vacancies should be filled for the unexpired portion of the term only. In its opinion the court says: "To hold otherwise would be to permit him, under favorable political conditions, to remain in office indefinitely by resigning just before the expiration of his term. We do not think that the legislature meant to do this by the act of 1921, but meant only that when an existing term expired a new appointee should hold for five years."

It should be noted in the case at bar that the resolution of January 14th, 1936, purporting to appoint the prosecutor for a term of five years, did not resolve that the new term should be five years from January 1st, *1935,* the year of his appointment, but expressly stated that it should be for a period of five years from January 1st, *1936.* It therefore is clear that the prosecutor's term of office actually expired May 21st, 1937.

Our conclusion in the circumstances here presented is that the prosecutor has no status whatsoever to complain of the resolution of June 29th, 1937, brought up for review.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.